## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

JENNIFER CHAMBERLIN, RYAN
CHAMBERLIN, OLIVIA WOOTEN,
STEVEN CRAIG, ANGELIQUE CRAIG
and SPENCER CRAIG,

      Plaintiffs,

v.                                                                      Case No: 5:17-cv-105-Oc-30PRL

VENTURE RESORTS, INC.,

      Defendant.

## ORDER

Plaintiffs rented a cabin at Defendant's resort in Gatlinburg, Tennessee. Plaintiffs

allege Defendant was negligent for failing to evacuate Plaintiffs from a wildfire that burned

the cabin shortly after Plaintiffs fled for their lives. Defendant argues this Court lacks

personal jurisdiction and subject-matter jurisdiction. The Court agrees the Complaint must

be dismissed because Plaintiffs failed to plead a basis for personal jurisdiction.

## FACTUAL BACKGROUND

On November 27, 2016, Plaintiffs checked into a cabin at Defendant's resort in

Gatlinburg, Tennessee. The following day, Plaintiffs say the air was smoky due to a nearby

wildfire. Plaintiffs called Defendant's office to ask about the fire and see if Plaintiffs

needed to evacuate. Defendant assured Plaintiffs that the wildfire was contained and that

there was no need to evacuate. Plaintiffs contacted Defendant's office another four times

over the course of the day and night and were assured that there was no need to evacuate.

Around 9:30 p.m. on November 28, 2016, Plaintiffs noticed there were flames near the cabin, grabbed what belongings they could, and fled. When Plaintiffs drove by Defendant's office shortly after 10 p.m., Plaintiffs say Defendant's employees had evacuated the office without notifying the guests. During the drive to safety, Plaintiffs say flames blazed on both sides of the road.

On November 29, 2016, Plaintiffs learned the cabin in which they had stayed burned, destroying the nearly $20,000 in personal property Plaintiffs left behind. Plaintiffs claim to have suffered severe emotional distress.

On March 15, 2017, Plaintiffs sued Defendant in this Court based on diversity jurisdiction. The Complaint has two counts: innkeeper liability (Count I), and gross negligence (Count II). The only allegation regarding this Court's personal jurisdiction over Defendant is as follows:

> 28. Defendant, VENTURE RESORTS, INC., is a Tennessee for profit business, doing business as Gatlinburg Falls Resort, located with its principle [sic] place of business in Sevier County, Tennessee.

(Doc. 1, ¶28).

## MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim on which relief can be granted. When reviewing a motion to dismiss, courts must limit their consideration to the well-pleaded allegations, documents central to or referred to in the complaint, and matters judicially noticed. *See La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (internal citations omitted); *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). Courts must accept all factual allegations

contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson*, 551 U.S. at 93–94.

Legal conclusions, however, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). In fact, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a complaint must instead contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citations omitted). This plausibility standard is met when the plaintiff pleads enough factual content to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citations omitted).

## DISCUSSION

Defendant argues the Complaint should be dismissed based on lack of personal jurisdiction and lack of subject-matter jurisdiction. The Court will address the personal jurisdiction argument, which is dispositive, since it is straightforward and was raised by Defendant before the subject-matter jurisdiction argument. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 587–88, 119 S. Ct. 1563, 157–722, 143 L. Ed. 2d 760 (1999) ("Where, as here, however, a district court has before it a straightforward personal jurisdiction issue presenting no complex question of state law, and the alleged defect in subject-matter jurisdiction raises a difficult and novel question, the court does not abuse its discretion by turning directly to personal jurisdiction."); *Ballew v. Roundpoint Mortg. Servicing Corp.*, 491 F. App'x 25, 26 (11th Cir. 2012).

A plaintiff bears the initial burden of alleging sufficient facts in a complaint to make out a *prima facie* case of personal jurisdiction against a defendant. *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 (11th Cir. 1999); *see also Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988) (holding, "the plaintiff bears the burden of establishing a *prima facie* case of jurisdiction over the movant, non-resident defendant."). A *prima facie* case is established if, accepting the allegations in the complaint as true, the plaintiff presents sufficient evidence to withstand a motion for directed verdict or motion for judgment as a matter of law. *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990); *PVC Windoors, Inc. v. Babbitbay Beach Const., N.V.*, 598 F.3d 802, 810 (11th Cir. 2010). "A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009).

Defendant argues Plaintiffs failed to that the Court has personal jurisdiction over Defendant under Florida's long-arm statute. To be clear, Defendant has not raised a factual challenge to jurisdiction by submitting affidavits rebutting the allegations in the Complaint; instead, it simply argues that the allegations in the Complaint are insufficient to confer personal jurisdiction over Defendant to this Court.

In rebuttal, Plaintiffs filed an unverified response arguing the Court has personal jurisdiction over Defendant pursuant to section 48.193(1)(a)(1), Florida Statutes. That subsection of Florida's long-arm statute provides as follows:

(1)(a) A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:
1. Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.

§ 48.193(1)(a)(1), Fla. Stat. To support this basis of personal jurisdiction, Plaintiffs claim that Defendant advertises in Florida to attract Florida residents to its resort, that Defendant regularly sent e-mail advertisements to Plaintiffs, and that Defendant receives a large portion of its guests through its efforts in targeting Florida residents.

The Court concludes the Complaint must either be dismissed or transferred because Plaintiffs failed to establish a *prima facie* case of personal jurisdiction against Defendant. Because this is a facial challenge to jurisdiction, the Court confines its inquiry to the Complaint. [1] Plaintiffs never allege in the Complaint that Defendant "Operat[ed], conduct[ed], engag[ed] in, or carr[ied] on a business or business venture in this state or ha[d] an office or agency in this state." § 48.193(1)(a)(1), Fla. Stat. The allegations in the Complaint, accepted as true, establish Defendant operated Gatlinburg Falls Resort in Tennessee, and that Plaintiffs were damaged by Defendant's negligence in Tennessee. As such, this Court concludes Plaintiffs never pled a *prima facie* case of personal jurisdiction. [2]

---

[1] In other words, the Court disregards the unsworn allegations in Plaintiffs' response.
[2] The Court notes that Plaintiffs also never moved to allow discovery on the issue of personal jurisdiction or moved to amend the Complaint so they could plead a *prima facie* case of personal jurisdiction. *See Posner*, 178 at 1214 n.7, 1222 (11th Cir. 1999). Although Plaintiffs requested the Court grant leave to amend the Complaint in their prayer for relief in response to Defendant's motion (Doc. 7, p.4), that request was not properly raised. *Id.* ("Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly.").

Accordingly, it is therefore ORDERED AND ADJUDGED that:

1.      Defendant's Motion to Dismiss (Doc. 6) is GRANTED.

2.      This Clerk is directed to transfer this case, pursuant to 28 U.S.C. § 1631, to

the District Court for the Eastern District of Tennessee, Knoxville Division.

**DONE** and **ORDERED** in Tampa, Florida, this 17th day of May, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record